UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TERON ALEXANDER FRANCIS, et al.       :

                                       :

             Plaintiffs,        :

                                       :    <u>ECF CASE</u>

                 v.              :

                                       :    07 Civ. 9450 (GBD) (AJP)

THE BRONX-LEBANON HOSPITAL       :
CENTER, et al.,                :

                                       :

             Defendants.     :
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL DEFENDANTS'
MOTION TO SUBSTITUTE THE UNITED STATES AS DEFENDANT AND TO
DISMISS THE COMPLAINT AS AGAINST THE UNITED STATES**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Federal Defendants
86 Chambers Street
New York, NY 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717

EMILY E. DAUGHTRY*
Special Assistant United States Attorney
– Of Counsel –
* Authorized to represent the United States in this District.

Defendants the Dr. Martin Luther King, Jr. Health Center ("King Health Center"), Robert C. Bingham, D.D.S. ("Bingham"), and Arnold V. Homer, D.D.S. ("Homer") (collectively, "the Federal Defendants"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to substitute the United States of America ("the United States") as defendant in place of the Federal Defendants and to dismiss the complaint as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

Plaintiff Marcerlyn Francis, both individually and as administratrix of the estate, goods, chattels and credits of her son Teron Alexander Francis, deceased, (collectively "the Plaintiffs"), commenced this medical malpractice action against the Federal Defendants, the Bronx-Lebanon Hospital Center, Indranil Gupta, M.D., Rajesh Shenoy, M.D., and "John Doe," M.D./D.D.S. (collectively, "the non-Federal Defendants")[1] on April 12, 2007, in the Supreme Court of the State of New York, County of Bronx.  Bingham and Homer were providing health services in the relevant time period at the King Health Center, an outpatient health clinic affiliated with the Bronx-Lebanon Hospital Center, in Bronx, New York.  Pursuant to the Public Health Service Act, 42 U.S.C. § 201 et seq., the King Health Center and those physicians providing health services there, including Bingham and Homer, were deemed employees of the United States, effective January 1, 2004 (the "deeming date"), for purposes of tort actions seeking damages for

---

[1] Defendants the Bronx-Lebanon Hospital Center, Dr. Indranil Gupta, and Dr. Rajesh Shenoy have not been deemed Public Health Service employees pursuant to 42 U.S.C. § 233(g) and therefore are not parties to this motion.

- 1 -

injuries allegedly resulting from the provision of medical-related services.  Michael J. Garcia, the

United States Attorney for the Southern District of New York, has certified pursuant to 28

C.F.R. §15.4 that the King Health Center, Bingham and Homer were acting within the scope of

their federal employment at the relevant times alleged in the complaint.

      The United States should be substituted as defendant for the Federal Defendants.

Plaintiff alleges that the Federal Defendants committed negligent acts and omissions in April

2005, which was after the deeming date.  In addition, under section 224(c) of the Public Health

Service Act, 42 U.S.C. § 233(c), "[u]pon certification...that the defendant was acting in the scope

of his employment at the time of the incident out of which the suit arose, any such civil action or

proceeding commenced in a State court shall be removed . . . and the proceeding deemed a tort

action brought against the United States . . . ."  The United States Attorney has made this

certification pursuant to 28 U.S.C. § 2679(d)(1) and 28 C.F.R. §15.4.  Under section 224(a) of

the Public Health Service Act, 42 U.S.C. § 233(a), the exclusive remedy with respect to these

claims is an action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C.

§§ 1346(b), 2671-80 (the "FTCA").  Thus, the United States should be substituted for the

Federal Defendants as the proper defendant in this case.

      Upon substitution of the United States for the Federal Defendants, the Court should

dismiss the complaint as against the United States for lack of subject matter jurisdiction.  As a

condition of the waiver of the sovereign immunity of the United States, the FTCA requires tort

claimants to exhaust administrative remedies before commencing an action in federal court.

Plaintiffs in this case did not file an administrative claim with the United States Department of

Health and Human Services ("HHS") prior to commencing their action against the Federal

Defendants.  Accordingly, all claims against the United States should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

### I.    Plaintiffs' Allegations in the Complaint

On or about April 12, 2007, Plaintiffs filed a Verified Complaint (the "Complaint") in the Supreme Court of the State of New York, County of Bronx, against the Federal Defendants.  <u>See</u> Declaration of Emily E. Daughtry, dated October 29, 2007 ("Daughtry Decl."), Ex. A.  The Complaint alleges that, on or after April 5, 2005, and before April 19, 2005, the Federal Defendants and non-Federal Defendants refused or failed to treat, examine or test Plaintiff Teron Alexander Francis, and failed to diagnose his condition.  <u>See</u> Compl. ¶¶ 39, 44, 48.  Plaintiffs also allege that they were not advised of the risks and dangers of damage to Plaintiff Teron Alexander Francis as a result of the care given by the Federal and non-Federal Defendants.  <u>Id.</u> at ¶ 52.  Finally, Plaintiffs allege that these wrongful acts and omissions caused Plaintiff Teron Alexander Francis' wrongful death.  <u>Id.</u> at ¶ 58.  Plaintiffs seek an undetermined amount of damages for their claims.  <u>Id.</u> at ¶¶ 46, 50, 54, 60.

### II.    The Federal Defendants Were Employees of the United States At All Times Relevant to the Complaint

Pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 233(g)-(n), the King Health Center, and physicians providing health services at the King Health Center, were deemed to be employees of the United States Government, effective January 1, 2004, for purposes of civil actions seeking damages for personal injury resulting from the performance of medical and related functions at approved delivery sites.  <u>See</u> 42 U.S.C. § 233(a), (g) and (h); Declaration of Richard G. Bergeron, dated

- 3 -

August 30, 2007 ("Bergeron Decl.") ¶ 5.  Federal Defendants Bingham and Homer were physicians providing health services at the King Health Center at all times relevant to the Complaint.  Id. at ¶ 6.  Accordingly, the Federal Defendants were employees of the United States at all times relevant to the Complaint.

**III.    The Federal Defendants Were Acting Within the Scope of Their Employment**

On September 27, 2007, United States Attorney Michael J. Garcia certified, pursuant to 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4, that the Federal Defendants were acting within the scope of their federal employment at the time of the alleged incidents giving rise to this action. See Certification of Michael J. Garcia ("Garcia Certification"), Daughtry Decl., Ex. B.

**IV.    Removal to Federal Court**

On October 23, 2007, this action was removed to federal court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2).  See Daughtry Decl., Ex. C.

**V.    Plaintiffs' Failure to File an Administrative Tort Claim**

Plaintiffs failed to file an administrative claim with HHS prior to commencing this action in state court.  See Bergeron Decl. ¶¶ 2-4.

## ARGUMENT

**I.    The United States Should Be Substituted as a Party Defendant**

As a preliminary matter, the United States should be substituted for the Federal Defendants with respect to the tort claims alleged in the complaint.  Section 224(g) of the Public Health Service Act, 42 U.S.C. § 233(g), provides that eligible community health centers and their employees are employees of the Public Health Service for certain purposes.  The Secretary of HHS deems a community health center a Public Health Center after the center has qualified

for certain federal assistance, <u>see</u> Public Health Service Act § 224(g)(1)(D)-(G), 42 U.S.C.

§ 233(g)(1)(D)-(G).

The United States replaces any named employee of the Public Health Service as

defendant because, under section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a),

the FTCA is "the exclusive remedy for specified actions against members of the Public Health

Service." <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 107 (2d Cir. 2000). Section 224(a) expressly

provides:

> The remedy against the United States provided by [the FTCA] . . .
> for damage for personal injury, including death, resulting from the
> performance of medical, surgical, dental, or related functions . . .
> by any commissioned officer or employee of the Public Health
> Service while acting within the scope of his office or employment,
> <u>shall be exclusive</u> of any other civil action or proceeding by reason
> of the same subject-matter against the officer or employee (or his
> estate) whose act or omission gave rise to the claim.

Public Health Service Act, 42 U.S.C. § 233(a) (emphasis added). This provision of the Public

Health Service Act, like the FTCA generally, "allow[s] recovery by people injured by federal

employees or by agents of the Federal Government and, at the same time, . . . immunize[s] such

employees and agents from liability for negligent or wrongful acts done in the scope of their

employment."[2] <u>Celestine v. Mount Vernon Neighborhood Health Ctr.</u>, 403 F.3d 76, 80 (2d Cir.

---

[2] While the Public Health Service Act specifically applies to employees of the Public Health
Service, the FTCA, which applies generally to all federal employees, similarly provides that a
suit against the United States is the exclusive remedy for damages for injury "resulting from the
negligent or wrongful act or omission of any employee of the Government while acting within
the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and provides government
officers and employees acting within the scope of their employment with absolute immunity
from claims of common-law tort, <u>see</u> <u>Rivera v. United States</u>, 928 F.2d 592, 608-09 (2d Cir.
1991).

2005).  Section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), thus protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions."  Cuoco, 222 F.3d at 108.  Once "a tort action is brought against a federally funded public health center [or its employee] . . . for conduct within the scope of its federal employment, the Attorney General (or . . . one of his designees) may certify that the health center [or its employee] was indeed acting as a federal employee at the time of the incident," Celestine, 403 F.3d at 80.  "Upon certification, the action may then be removed to federal court."  Id.  "Once such a case is removed, the United States can replace the named defendant as the allegedly liable party – and the case proceeds as a FTCA suit."  Id.

Here, the Secretary of HHS deemed the King Health Center and its employees to be Public Health Service employees for purposes of the Public Health Service Act and federal employees for the purposes of the FTCA, effective January 1, 2004.  See Bergeron Decl. ¶ 5. Pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), 28 U.S.C. § 2679 (d), and 28 C.F.R. § 15.4,[3] Michael J. Garcia, United States Attorney for the Southern District of New York, has certified that defendants were acting within the scope of their employment as designated employees of the United States at the time of the incidents alleged in the complaint.  See Garcia Certification, Daughtry Decl., Ex. B.

The United States Attorney's certification provides the "basis for the substitution of the

---

[3]     28 C.F.R. § 15.4(a) provides:

> The United States Attorney for the district where the civil action or proceeding is brought … is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

United States as a defendant and for the resultant immunization of the federal employee."

McHugh v. Univ. of Vt., 966 F.2d 67, 72 (2d Cir. 1992); see Public Health Service Act § 224(c),

42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting

in the scope of his employment . . . the proceeding [shall be] deemed a tort action brought

against the United States."); Public Health Service Act § 224(a), 42 U.S.C. § 233(a) ("The

remedy against the United States provided by [the FTCA] . . . shall be exclusive of any other

civil action or proceeding by reason of the same subject-matter against the officer or employee

(or his estate) whose act or omission gave rise to the claim.").  Plaintiffs' claims against the

Federal Defendants should thus be dismissed, and the United States should be substituted as

defendant.  Cf. Celestine, 403 F.3d at 80-82.


II.     **The Claims Against the United States Should Be Dismissed for Lack of Subject Matter Jurisdiction**

Once the United States is substituted for the Federal Defendants, this Court should

dismiss the FTCA action against the United States under Rule 12(b)(1) of the Federal Rules of

Civil Procedure for lack of subject matter jurisdiction because Plaintiffs have failed to file an

administrative claim with HHS prior to commencing this action.  See McNeil v. United States,

508 U.S. 106, 113 (1993); Celestine 403 F.3d at 82.

A.     **Plaintiff Bears the Burden of Proving Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the [Court] lacks the statutory or constitutional power to adjudicate it."  Luckett v. Bure,

290 F.3d 493. 496 (2nd Cir. 2002) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d

Cir. 2000)).  Upon an objection to a plaintiff's jurisdictional pleading, the Court must take all

- 7 -

facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.  See

Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).  However, a plaintiff asserting subject matter

jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction over

his claims exists.  Luckett, 209 F.3d at 496-97.


**B.      This Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against the United States Because Plaintiffs Failed to File an Administrative Tort Claim Prior to Commencing This Action**

"The FTCA requires that a claimant exhaust all administrative remedies before filing a

complaint in federal district court.  This requirement is jurisdictional and cannot be waived."

Celestine, 403 F.3d at 82 (citing McNeil, 508 U.S. at 113 and Robinson v. Overseas Military

Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)).  The exhaustion requirement is found in 28 U.S.C.

§ 2675(a), which states, "An action shall not be instituted upon a claim against the United States

. . . unless the claimant shall have first presented the claim to the appropriate federal agency . . .

."  28 U.S.C. § 2675(a); see Celestine, 403 F.3d at 82; see also 28 U.S.C. § 2401(b).

The requirement is jurisdictional because "a motion invoking sovereign immunity [is

one] to dismiss for lack of subject matter jurisdiction," Chayoon v. Chao, 355 F.3d 141, 143 (2d

Cir. 2004) (per curiam), and compliance with the FTCA's administrative exhaustion requirement

is a condition for the United States' waiver of sovereign immunity, see Celestine, 403 F.3d at 80,

82-83.  Thus, "[u]nless a plaintiff complies with the [exhaustion] requirement, a district court

lacks subject matter jurisdiction over a plaintiff's FTCA claim."  Johnson v. Smithsonian Inst.,

189 F.3d 180, 189 (2d Cir. 1999).  This jurisdictional requirement "extends to all suits, including

those begun in state court."  Celestine, 403 F.3d at 82.

- 8 -

"The burden is on the plaintiff to both plead and prove compliance with the statutory requirements," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim."  In re Agent Orange Prod. Litig., 818 F.2d 210, 214 (2d Cir. 1987).  Here, Plaintiffs' complaint does not allege that Plaintiffs presented an administrative claim with respect to defendants' alleged negligence.  See Daughtry Decl., Ex. A.  Thus, plaintiffs do not plead compliance with the statutory requirements of the FTCA.  Nor could plaintiffs plead compliance – they failed to file an administrative claim with the appropriate federal agency prior to commencing this action.  See Bergeron Decl. ¶¶ 2-4.

Accordingly, as Plaintiffs failed to exhaust administrative remedies prior to commencing their action against defendants, their claims against the United States must be dismissed for lack of subject matter jurisdiction.  See Celestine, 403 F.3d at 84; see also In re Agent Orange Prod. Litig., 818 F.2d at 214.

## CONCLUSION

For the reasons stated above, the Court should (i) substitute the United States as defendant in place of the Federal Defendants, and, upon substitution, (ii) dismiss the complaint as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated:          New York, New York
                October 29, 2007


                                     Respectfully submitted,

                                     MICHAEL J. GARCIA
                                     United States Attorney for the
                                     Southern District of New York
                                     Attorney for the Federal Defendants

                            By:        /s/ Emily E. Daughtry                  
                                     EMILY E. DAUGHTRY
                                     Special Assistant United States Attorney
                                     86 Chambers Street
                                     New York, New York 10007
                                     Telephone:  (212) 637-1579
                                     Facsimile:  (212) 637-2717