TERON ALEXANDER FRANCIS, Deceased, by MARCERLYN FRANCIS as the Administratrix of the Estate, Goods, Chattels and Credits of TERON ALEXANDER FRANCIS, and MARCERLYN FRANCIS, individually,

Plaintiff,

-against-

THE BRONX-LEBANON HOSPITAL CENTER, DR. MARTIN LUTHER KING JR. HEALTH CENTER, ROBERT C. BINGHAM, D.D.S., ARNOLD V. HOMER, D.D.S., INDRANIL GUPTA, M.D., RAJESH SHENOY, M.D., and "JOHN DOE", M.D./D.D.S. (whose first and last name is fictitious and presently unknown),

Defendant(s).

Plaintiff Designates Bronx County as the Place of Trial

The Basis of the Venue is Where the Plaintiff Resides

***S U M M O N S***

594 East 169 Street

**County of** Bronx

2007 APR 18 PM 12: 22

COUNTY CLERK BRONX COUNTY

RECEIVED

**TO THE ABOVE NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
February 13, 2007

**SONIN & GENIS**
Attorney(s) for Plaintiff
1 Fordham Plaza, Suite 204
Bronx, New York 10458
(718) 561-4444

RECEIVED RISK MANAGEMENT DEPT.
07 APR 23 AM 11:04

**Defendants' addresses:**

THE BRONX-LEBANON HOSPITAL CENTER
1276 Fulton Avenue
Bronx, NY 10456

DR. MARTIN LUTHER KING JR. HEALTH CENTER
1265 Franklin Avenue
Bronx, New York 10456

**ARNOLD V. HOMER, D.D.S.,**
**C/O**
DR. MARTIN LUTHER KING JR. HEALTH CENTER
1265 Franklin Avenue
Bronx, New York 10456

INDRANIL GUPTA, M.D.,
**C/O** THE BRONX-LEBANON HOSPITAL CENTER
1276 Fulton Avenue
Bronx, NY 10456

RAJESH SHENOY, M.D.,
C/O THE BRONX-LEBANON HOSPITAL CENTER
1276 Fulton Avenue
Bronx, NY 10456

"JOHN DOE", D.D.S.
c/o DR. MARTIN LUTHER KING JR. HEALTH CENTER
1265 Franklin Avenue
Bronx, New York 10456

TERON ALEXANDER FRANCIS, Deceased, by MARCERLYN FRANCIS as the Administratrix of the Estate, Goods, Chattels and Credits of TERON ALEXANDER FRANCIS, and MARCERLYN FRANCIS, individually,

Plaintiffs,

-against-

THE BRONX-LEBANON HOSPITAL CENTER, DR. MARTIN LUTHER KING JR. HEALTH CENTER, ROBERT C. BINGHAM, D.D.S., ARNOLD V. HOMER, D.D.S., INDRANIL GUPTA, M.D., RAJESH SHENOY, M.D., "JOHN DOE", M.D./D.D.S. (whose first and last name is fictitious and presently unknown),

Defendants.

**VERIFIED COMPLAINT**

Index# 14179-07

2007 APR 18 PM 12: 22
COUNTY CLERK
BRONX COUNTY
RECEIVED

Plaintiff TERON ALEXANDER FRANCIS, deceased, BY MARCERLYN FRANCIS, as the Administratrix of the estate, goods, chattels and credits of TERON ALEXANDER FRANCIS, and MARCERLYN FRANCIS, individually, by her attorneys, SONIN & GENIS, ESQS., complaining of the defendants, that at all times hereinafter mentioned that:

1. The plaintiff resides in the County of Bronx, City and State of New York.
2. Plaintiff, MARCERLYN FRANCIS was appointed as the Administratrix of the estate, goods, chattels and credits of the deceased plaintiff, TERON ALEXANDER FRANCIS.

4. TERON ALEXANDER FRANCIS was born on June 25, 1991.



5. Defendant BRONX-LEBANON HOSPITAL CENTER is a New York not for profit corporation, incorporated and duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant THE BRONX-LEBANON HOSPITAL CENTER is a private voluntary general hospital.

7. Defendant THE BRONX-LEBANON HOSPITAL CENTER has its principal place of business at 1276 Fulton Avenue, Bronx, New York.

8. Defendant THE BRONX-LEBANON HOSPITAL CENTER is in the business of providing medical care to the public.

9. Defendant THE BRONX-LEBANON HOSPITAL CENTER is accredited by the Joint Commission on the Accreditation of Health Organizations (JCAHO) and as such must comply with their standards, rules and regulations.

10. Defendant THE BRONX-LEBANON HOSPITAL CENTER is under an obligation to provide its patients in a safe and antiseptic environment.

11. The defendant, THE BRONX-LEBANON HOSPITAL CENTER hires doctors, dentists, nurses, medical and medical support staff, dental and dental support staff, and other medical providers to provide medical services to the public.

12. The defendant, THE BRONX-LEBANON HOSPITAL CENTER regularly reviews the records, credentials of those doctors, dentists and medical/dental providers with whom they have entered into contracts.

Emergency Department for the purpose of providing emergency medical and dental treatment to the public.

14. Defendant THE BRONX-LEBANON HOSPITAL CENTER employs duly licensed physicians in their emergency department.

15. Defendant THE BRONX-LEBANON HOSPITAL CENTER maintains a Department of Dentistry for the purpose of providing dental treatment to the public.

16. Defendant THE BRONX-LEBANON HOSPITAL CENTER employs duly licensed dentists in their Dental Department.

17. Defendant DR. MARTIN LUTHER KING JR. HEALTH CENTER, was and is located at 1265 Franklin Avenue, Bronx, New York 10456.

18. Defendant DR. MARTIN LUTHER KING JR. HEALTH CENTER was and is a division/department/out-patient provider of defendant, THE BRONX LEBANON HOSPITAL CENTER.

19. Defendant THE BRONX-LEBANON HOSPITAL CENTER owns, operates, manages, maintains, controls, supervises, monitors the BronxCare Network of medical practices, including but not limited to its agents/servants/employees, physicians, dentists, nurses and staff.

20. Defendant DR. MARTIN LUTHER KING JR. HEALTH CENTER is part of an out-patient medical care provider of the BronxCare network.

21. Defendant THE BRONX-LEBANON HOSPITAL CENTER owns, operates, manages, maintains, controls, supervises, monitors defendant DR. MARTIN

22. Defendant ROBERT C. BINGHAM, D.D.S was and is an agent/servant/employee of THE BRONX-LEBANON HOSPITAL CENTER.

23. Defendant ROBERT C. BINGHAM, D.D.S was and is an agent/servant/employee of DR. MARTIN LUTHER KING JR. HEALTH CENTER.

24. Defendant ARNOLD V. HOMER, D.D.S., was and is an agent/servant/employee of THE BRONX-LEBANON HOSPITAL CENTER.

25. Defendant ARNOLD V. HOMER, D.D.S., was and is an agent/servant/employee of DR. MARTIN LUTHER KING JR. HEALTH CENTER.

26. Defendant INDRANIL GUPTA, M.D., was and is an agent/servant/employee of THE BRONX-LEBANON HOSPITAL CENTER.

27. Defendant RAJESH SHENOY, M.D., was and is an agent/servant/employee of THE BRONX-LEBANON HOSPITAL CENTER.

28. Defendant, "JOHN DOE", M.D./D.D.S., represents himself to be a physician/dentist duly licensed to practice medicine/dentistry in the State of New York.

29. The defendant, "JOHN DOE", D.D.S., is and was an agent, servant and/or employee of DR. MARTIN LUTHER KING JR MEDICAL CENTER, a division/department/out-patient provider of THE BRONX LEBANON HOSPITAL CENTER.

30. The defendant, "JOHN DOE", D.D.S., practiced and practices dentistry at the DR. MARTIN LUTHER KING JR. HEALTH CENTER.

MARTIN LUTHER KING JR. HEALTH CENTER, a division/department/out-patient provider of THE BRONX LEBANON HOSPITAL CENTER.

32. From about 2003 through about April 6, 2005, plaintiff's decedent, TERON ALEXANDER FRANCIS was treated at the DR. MARTIN LUTHER KING JR. HEALTH CENTER, and was a patient of it.

33. From and before 2003 through about April 19, 2005, plaintiff's decedent, TERON ALEXANDER FRANCIS was treated at THE BRONX LEBANON HOSPITAL CENTER, and was a patient of it.

34. In April of 2005, plaintiff's decedent, TERON ALEXANDER FRANCIS was treated by ROBERT C. BINGHAM, D.D.S, and was his patient.

35. In April of 2005, plaintiff's decedent, TERON ALEXANDER FRANCIS was treated by ARNOLD V. HOMER, D.D.S., and was his patient.

36. In April of 2005, plaintiff's decedent, TERON ALEXANDER FRANCIS was treated by INDRANIL GUPTA, M.D., and was his patient.

37. In April of 2005, plaintiff's decedent, TERON ALEXANDER FRANCIS was treated by RAJESH SHENOY, M.D., and was his patient.

38. From and before 2003 through about April 19, 2005, the defendant "JOHN DOE, M.D./D.D.S., whose first and last name is presently fictitious and unknown, and other health care providers whose names are presently unknown undertook and agreed to render medical/dental care to the plaintiff's decedent, Teron Alexander Francis, at the Out-patient Department of Dentistry giving rise to a doctor/patient relationship.

39. On or about/after April 5, 2005 and before April 18, 2005, defendants refused or failed to treat, examine, test, Teron Alexander Francis, and failed to diagnose his condition.

40. On April 21, 2005, the plaintiff's decedent, Teron Alexander Francis was declared "brain dead" by Montefiore Medical Center.

41. On or about April 29, 2005, the plaintiff's decedent, Teron Alexander Francis was removed from all artificial support devices.

42. On or about April 29, 2005, the plaintiff's decedent, Teron Alexander Francis' heart stopped.

43. On or about April 29, 2005, plaintiff's decedent, Teron Alexander Francis died.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF TERON ALEXANDER FRANCIS, DECEASED- MEDICAL MALPRACTICE

44. Prior to and through April 19, 2005, the defendants, their agents, servants, partners, and/or employees, were negligent, careless and reckless, and committed malpractice in rendering services for and on behalf of Teron Alexander Francis; in negligently and carelessly failing to timely and properly diagnose and treat his condition; in failing to order and take timely and proper diagnostic tests/studies; in failing to properly supervise and monitor his condition; in failing conduct a proper and timely examination of him; in failing to have or make timely and proper consultation(s) with appropriate specialists or refer decedent to appropriate specialists in a timely fashion; in failing to give prompt and appropriate medications; in ignoring or failing to heed the signs and symptoms presented; in departing from accepted practice in the service rendered for and on behalf of the decedent, in failing to perform properly the

indicated procedures; in failing to obtain and take a proper history; in failing to make and keep good and proper records; in failing to give adequate and proper instructions; and in failing to follow good medical practices and procedures; and in failing to provide the plaintiff an antiseptic environment in which to recover from his injuries.

45. As a result of the defendants' malpractice, Plaintiff TERON ALEXANDER FRANCIS was caused to suffer conscious pain and suffering, loss of enjoyment of life, and sustain serious and personal injuries that eventually resulted in his death; and incurred costs, medical and related expenses and special damages.

46. As a result of the foregoing, the plaintiff TERON ALEXANDER FRANCIS has been damaged in a sum which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and within this court's jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF TERON ALEXANDER FRANCIS, DECEASED– NEGLIGENCE**

47. The plaintiffs repeat and reallege each and every allegation previously complained of as if more fully set forth herein.

48. Prior to and through April 19, 2005, the defendants, their agents, servants, partners, and/or employees, negligently hired, trained, retained, supervised and monitored their agents/servants/employees and each other, and were negligent in rendering services for and on behalf of decedent; in failing to provide the decedent an antiseptic environment; in negligently and carelessly failing to diagnose his condition; in negligently failing to treat the his condition; in failing to supervise the his condition; in failing to conduct a proper examination of him; in failing to perform indicated diagnostic testing; in failing to consult with appropriate specialists; in failing to closely monitor his condition; in failing to take immediate action regarding his

condition; in departing from accepted practice in the service rendered for and on behalf of decedent, in failing to perform properly the indicated procedures, and in failing to follow good medical practices and procedures.

49. As a result of the defendants' negligence, Plaintiff TERON ALEXANDER FRANCIS was caused to suffer conscious pain and suffering and loss of enjoyment of life, and caused to suffer serious and personal injuries that eventually resulted in his death; and incurred costs, medical and related expenses and special damages.

50. As a result of the foregoing, the plaintiff TERON ALEXANDER FRANCIS has been damaged in a sum which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and within this court's jurisdiction.

**AS AND FOR A 3rd CAUSE OF ACTION FOR FAILURE TO OBTAIN INFORMED CONSENT**

51. Plaintiff repeats and realleges each and every allegation with the same force and effect as if hereinafter set forth at length.

52. At the above-mentioned times, the above-mentioned defendants, their agents, servants and employees, failed to fully disclose to the deceased plaintiff TERON ALEXANDER FRANCIS the risks and benefits involved in the diagnosis, care and treatment rendered by them; failed to fully disclose the alternative methods of diagnosis, care and treatment and the risks and benefits of said alternatives to plaintiff TERON ALEXANDER FRANCIS; and failed to fully disclose the risks and benefits of not performing various methods of diagnosis, care and treatment; and otherwise violated Public Health Law Section 2805-d(1), and had the defendants properly disclosed to the plaintiff of the risks and benefits of not performing the various

methods of diagnosis, care and treatment, the plaintiff would not have undertaken the treatment given to him by the defendants;

53. As a result, plaintiff TERON ALEXANDER FRANCIS suffered and sustained serious, severe, and permanent personal injuries, conscious pain and suffering and loss of enjoyment of life, that eventually resulted in his death; and incurred costs, medical and related expenses and special damages.

54. As a result of the foregoing, Plaintiff has been damaged in a sum which exceeds the

55. jurisdictional limits of all lower courts that would otherwise have jurisdiction and is

56. within this court's jurisdiction

## AS AND FOR A 4th CAUSE OF ACTION ON BEHALF OF TERON ALEXANDER FRANCIS, DECEASED – WRONGFUL DEATH

57. Plaintiff repeats and realleges each and every allegation with the same force and effect as if hereinafter set forth at length.

58. The above-mentioned wrongful acts/omissions caused decedent TERON ALEXANDER FRANCIS wrongful death.

59. By virtue of decedent TERON ALEXANDER FRANCIS'S wrongful death, plaintiff MARCERLYN FRANCIS, decedent's family and his next of kin sustained pecuniary losses, were deprived of his services, guidance, assistance, etc., and are entitled to recover for their pecuniary damages and decedent's wrongful death, and for the medical/hospital bills and special damages, funeral and burial expenses, and for all damages permitted by the EPTL, including but not limited to Sections 5-4.3, 5-4.4, 1-2.5, 11-3.3, and the laws of the State of New York.

60. As a result of the foregoing, plaintiff sustained damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, and this court does have jurisdiction of this matter.

***WHEREFORE,*** plaintiffs request judgment against the defendants individually, jointly and severally, in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of this matter, and this Court does have jurisdiction of this matter, and for the costs, disbursement, attorneys fees and interest on all of the above, and for such and further relief that this Court deems just and proper and equitable.

Dated: Bronx, New York
April 12, 2007

Yours, etc.

ROBERT J. GENIS
SONIN & GENIS
Attorneys for Plaintiffs
One Fordham Plaza, Suite 204
Bronx, New York 10458
(718) 561-4444